UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIRLANDY LINA GARCIA,

        Petitioner,

    v.

WARDEN, SOUTH FLORIDA
DETENTION FACILITY,  U.S.
ATTORNEY GENERAL,

        Respondents,

_____/

Case No. 2:26-cv-1139-KCD-DNF

## <u>ORDER</u>

Petitioner Mirlandy Lima Garcia has filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] As best the Court can tell, he claims that his ongoing confinement violates the Fifth Amendment's Due Process and Equal Protection clauses, and ICE utilized deceptive "entrapment" tactics to effectuate his arrest. (*Id.* At 7-8.) The Government has filed an opposition (Doc. 8), making this matter ripe. For the reasons below, the habeas petition is **DENIED**.

We start with how Garcia ended up in federal custody. He is a citizen of Cuba who first arrived in the United States in December 2015, crossing the border in Texas. (Doc. 8-2.) Federal authorities paroled him into the country,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

which allowed him to seek relief under the Cuban Adjustment Act. And for a few years, his immigration path looked secure—in December 2017, he became a lawful permanent resident. (Doc. 8 at 2.) But that residency depended on a clean record, and things took a sharp turn in June 2023. That was when a Florida state court convicted Garcia of four separate felonies—specifically, credit card fraud, fraudulent use of a personal ID, scheme to defraud, and forgery—and sentenced him to five years of probation. (Doc. 8-3.)

Those felony convictions, predictably enough, drew the eye of federal immigration officials. In February 2026, ICE agents encountered Garcia during a visit to his state probation office and arrested him. The Government promptly slapped him with a Notice to Appear, initiating formal removal proceedings and charging him as deportable because of his criminal fraud convictions. (Doc. 8 at 2.) Today, Garcia remains detained at Alligator Alcatraz while those removal proceedings play out. Seeking to cut his confinement short, he filed this habeas petition, asking the Court to step in and order his immediate release. (Doc. 1 at 7.)

The Government first raises an exhaustion defense, arguing that Garcia's petition is premature because he has not pursued administrative remedies. (Doc. 8 at 4.) The Court is not convinced. In habeas proceedings, exhaustion exists as a judicially created doctrine applied at the court's discretion. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).

"Here, further administrative review would be pointless, as [Garcia] is detained under 8 U.S.C. § 1226(c), which precludes immigration judges from holding a bond hearing." *Lopez v. Warden*, No. CV 3:26-673, 2026 WL 1147839, at *2 (M.D. Pa. Apr. 28, 2026).

Turning to the merits, Garcia's due process claim falls short. "[H]is five-months' detention without a bond hearing falls short of the time required for such detention to become unreasonable." *Casas v. Warden*, No. 1:26-CV-20987, 2026 WL 1238547, at *2 (S.D. Fla. May 6, 2026).

Garcia's equal protection claim, which he peppers throughout his petition, fares no better. He offers absolutely no argument, let alone any actual case law, explaining how the Equal Protection Clause applies to his immigration detention. He does not point to any similarly situated individuals who were treated differently, nor does he explain how ICE's decision to detain him singled him out unlawfully. At bottom, his argument is entirely perfunctory, and the Court declines to hunt for (or construct) the case for him. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (the leniency given to pro se litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action").

Finally, Garcia's arguments targeting his arrest are meritless. "[H]abeas is not a vehicle to redress defects in an initial arrest; its function is

3

to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026).

Garcia has failed to raise a viable claim for relief. Accordingly, his Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is directed to terminate any pending motions and close the case.

**ORDERED** in Fort Myers, Florida on May 18, 2026.

Kyle C. Dudek
United States District Judge

4